# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **CAROLYNN ELIZABETH WOOD,**  **Plaintiff,**  v.  **ALABAMA DAMAGE SPECIALISTS, INC., TRENT THRASHER CONSTRUCTION, LLC, and ELECTRIC PLUS, LLC,** "Indispensable Parties" and **NATIONSTAR MORTGAGE LLC dba MR. COOPER, and FICTIONAL DEFENDANT "JOHN DOE",**  **Defendants.** | **CASE NO.: 1:25-CV-01800-CLM** |

## OPPOSED MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), 12(b)(5), AND 12(b)(6)

Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper (**Nationstar**) respectfully moves to dismiss this case pursuant to Rule 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. First, the Court lacks personal jurisdiction because Plaintiff failed to properly serve Nationstar. Even if service were deemed sufficient, the complaint does not state a claim upon which relief can be granted. Alternatively, the complaint should be dismissed as an impermissible shotgun pleading. In further support, Nationstar states:

322552913v1

**PROCEDURAL AND EVIDENTIARY REQUEST**

**I.     INCORPORATION-BY-REFERENCE DOCTRINE.**

Plaintiff relies on a publicly recorded document (e.g., subject mortgage), which is referenced throughout the complaint, is central to Plaintiff's claims, and is undisputed as to its authenticity. *See Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024) (in assessing a motion to dismiss "a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged."); *see also M5 Mgmt. Services, Inc. v. Yanac*, 428 F. Supp. 3d 1282, 1288 (N.D. Ala. 2019). Nationstar requests that the Court consider the attached recorded mortgage.[1]

**FACTUAL BACKGROUND**

Plaintiff's claims arise from two distinct factual bases: (1) Nationstar's alleged denial of a reasonable accommodation and (2) Nationstar's purported wrongful withholding of insurance proceeds. [Doc. 1, *passim*].

As a result of COVID-19, Plaintiff's loan was voluntarily placed in forbearance from March 1, 2022, to August 31, 2022. *Id.* at ¶ 26. Plaintiff elected a second forbearance, which ended in the fall of 2023. *Id.* After the forbearance

---

[1] The subject mortgage is recorded in Mortgage Book 5042, Page 184, in the Office of the Judge of Probate of Calhoun County, Alabama.

concluded, Plaintiff attempted to resume her monthly mortgage payments, in addition to paying an extra $900 each month, but Nationstar required the full reinstatement amount and declined partial payments. *Id.* at ¶ 27. Plaintiff requested that Nationstar accept less than the full reinstatement amount as a reasonable accommodation under the Fair Housing Act ("FHA"), but Nationstar refused the request.[2] *Id.* at ¶ 37. In July 2025, Plaintiff was approved for the Veterans Affair Servicing Purchase ("VASP") program. *Id.* at ¶ 42. As a result, by the time the operative complaint was filed on October 16, 2025, Plaintiff was current on her loan and has since made three timely payments. *Id.* From these facts, Plaintiff alleges that Nationstar violated the Fair Housing Act and the Rehabilitation Act by refusing to accept partial payments as a reasonable accommodation given her disability.

Concerning the insurance proceeds, on September 5, 2024, Plaintiff's property was damaged by a fire. *Id.* at ¶¶ 46-51. On October 2, 2024, Plaintiff's homeowner's insurance company issued a loss payment check in the amount of $115,938.76 jointly to Plaintiff and Nationstar. *Id.* at ¶ 71. After both parties endorsed the check, over time, Nationstar disbursed $38,984.69 to Plaintiff for repairs. *Id.* at ¶ 73. However, Plaintiff alleges that Nationstar is wrongfully withholding the remaining $76,954.07 in insurance proceeds. *Id.* at ¶ 52-53; 55.

---

[2] Plaintiff purportedly receives PTSD and depression treatment from the VA. [Doc. 1 at ¶ 92].

Based on these allegations, Plaintiff contends that Nationstar violated the Real Estate Settlement Procedures Act ("RESPA") and breached the implied covenant of good faith and fair dealing.

## ARGUMENT

I. **THE COURT LACKS PERSONAL JURISDICTION OVER NATIONSTAR BECAUSE PLAINTIFF FAILED TO EFFECT SERVICE.**

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "[I]f a plaintiff fails to properly serve a defendant according to one of the methods of service in Rule 4, the court will, on a timely motion, dismiss all claims against the defendant." *Bridges v. Poe*, No. 7:19-cv-00529-LSC, 2020 U.S. Dist. LEXIS 104440, at *5 (N.D. Ala. June 15, 2020).

Fed. R. Civ. P. 4(h) states that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual . . . ." Fed. R. Civ. P. 4(e)(1) states that "an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Ala. R. Civ. P. Rule 4(c)(6) dictates service on a

corporation is permissible by "serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process."

In this case, Plaintiff attempted to serve Nationstar's registered agent via FedEx, a commercial carrier. [Doc. 8]. Service by commercial carrier is only considered effective if it complies with Ala. R. Civ. P. Rule 4(i)(3)(C), which requires the serving party to file a "Proof of Service by Commercial Carrier" supported by the carrier's receipt showing the recipient, the recipient's signature, the delivery date, the delivery address, and the delivering entity. Instead, Plaintiff filed a non-compliant "Certificate of Service" [Doc. 8] on October 28, 2025, which is not proof of service of process and therefore does not establish proper service.

First, the Certificate of Service filed by Plaintiff merely reflects that a filing was served in the litigation, it is not the proof of service of process required to establish personal jurisdiction at the outset. Second, in an attempt to demonstrate service, the filing includes a FedEx transaction record depicting the tracking number, shipment date, and addressee (Nationstar's registered agent). *Id.* A tracking page that lists a tracking number, ship date, and an addressee—but does not include the recipient's signature and delivery date—does not satisfy the requirements of Rule 4(i)(3)(C). Without the carrier receipt containing all mandated elements, service is not deemed complete, and the answer period does not begin to run. Plaintiff's failure

to comply with Rule 4(i)(3)(C) renders service deficient warranting dismissal for lack of personal jurisdiction is warranted.

### II. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER THE FAIR HOUSING AND REHABILITATION ACTS.

Plaintiff claims Nationstar violated the FHA (42 U.S.C. § 3601 *et seq.*), specifically 42 U.S.C. § 3604(f)(3)(B), and Section 504 of the Rehabilitation Act (29 U.S.C. § 794) by refusing her request to accept partial loan payments. [Doc. 1, *passim*]. As pleaded, the complaint asserts that Nationstar arbitrarily refused her "accommodation" request. *Id.* Contrarily, Nationstar refused the "accommodation" request pursuant to the plain terms of Plaintiff's mortgage. [*See* Mortgage, **EXHIBIT A**]. In paragraph one, the mortgage states that the "[l]ender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current." *Id.* Plaintiff's allegations rely instead on a bare legal conclusion that the refusal constitutes discrimination. For this reason alone, counts one and two fail at the outset. However, the claims also fail because 42 U.S.C. § 3604 is limited to discrimination in the sale or rental of housing, and 29 U.S.C. § 794 applies only to recipients of federal financial assistance.

#### a.    42 U.S.C. § 3604(F)(3)(B)

Section 3604 is titled "Discrimination in the **sale or rental** of housing and other prohibited practices." (emphasis added). Under § 3604(f)(1), it is unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a

dwelling to any buyer or renter because of a handicap." § 3604(f)(2) likewise bars discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling." And § 3604(f)(3)(B), the section at issue, states:

> **for purposes of this subsection**, discrimination includes: a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

(emphasis added). By its terms, § 3604(f) confines its reach to discrimination in the sale or rental of housing and, for purposes of that subsection, defines what also constitutes "discrimination" under § 3604(f)(3)(B). Plaintiff's reliance on § 3604(f)(3)(B) to claim disability discrimination by Nationstar is misplaced. The provision operates only within § 3604(f)'s sale or rental framework and does not regulate mortgage servicing or the acceptance of partial payments. *See United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999) ("The starting point for all statutory interpretation is the language of the statute itself."). Even if Plaintiff could state a claim under the FHA—which she cannot—the mortgage she read, reviewed, and executed expressly permits Nationstar to reject partial payments. Therefore, Plaintiff fails to state a cognizable claim under § 3604(f)(3)(B), and it must be dismissed with prejudice.

b.    **29 U.S.C. § 794**

In the same breath as her § 3604(f)(3)(B) argument, Plaintiff contends that Nationstar was required to accept partial payments or face consequences for noncompliance with the Rehabilitation Act. However, this argument fails as well.

Plaintiff offers no facts describing how the loan's VA backing constitutes federal financial assistance to Nationstar. "Section 504 of the Rehabilitation Act of 1973 prohibits entities receiving federal funds from discriminating against otherwise qualified individuals with disabilities." *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017). Codified as 29 U.S.C. § 794, it states, in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

Plaintiff asserts that § 794 applies to Nationstar because it services a "VA-backed" loan and as such Nationstar is a "participant in a federally assisted housing program." [Doc. 1 at ¶¶ 88; 94; and 173]. Yet, this does not establish that Nationstar received federal financial assistance. "The Rehabilitation Act does not define 'federal financial assistance.' Courts, however, have defined the term as used in the Rehabilitation Act to mean the federal government's provision of a subsidy to an entity." *Shotz v. Am. Airlines, Inc.*, 420 F.3d 1332, 1335 (11th Cir. 2005). The

complaint pleads no facts establishing that Nationstar receives federal subsidies or grants and instead only asserts that Nationstar serviced a VA-backed loan. [Doc. 1, *passim*].[3] Without sufficient allegations on this point, and the lack of facts establishing a form of discrimination based on her disability, Plaintiff has not stated a cognizable claim under 29 U.S.C. § 794 and it should be dismissed with prejudice.

### III.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION PERTAINING TO RESPA.

Plaintiff broadly alleges that Nationstar violated RESPA (12 U.S.C. § 2605) but fails to identify the specific duty or subsection at issue. [Doc. 1 at ¶¶ 100-107]. That alone warrants dismissal. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain: a short and plain statement of the claim showing that the pleader is entitled to relief."). The most generous interpretation of Ms. Wood's complaint appears to allege that Nationstar failed to disburse insurance funds, but, if true, Plaintiff fails to identify a breach of a specific duty under § 2605. Section 2605(g) references the administration of escrow accounts. It states:

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due.

---

[3] If Nationstar were to accept federal financial assistance "Congress usually requires federal agencies to obtain from the recipients of 'federal financial aid' written, executed assurances that they will comply with the Rehabilitation Act." *Shotz*, at 1335; *see generally* 49 C.F.R. § 27.9(a).

12 U.S.C. § 2605(g). The insurance-related obligation here is limited to timely payment of the premium. It does not encompass the handling of insurance claim proceeds. Moreover, without plausibly alleging a violation of § 2605, the "pattern or practice of noncompliance" claim under § 2605(f)(1)(B) cannot stand. [Doc. 1 at ¶ 102]; *see Selman v. CitiMortgage, Inc.*, No. CIV.A. 12-0441-WS-B, 2013 WL 838193, at *9 (S.D. Ala. Mar. 5, 2013) ("Merely mouthing the buzzwords 'pattern and practice' in a complaint does not satisfy minimum pleading requirements because it represents a legal conclusion, and such conclusory labels are not credited for Rule 12(b)(6) purposes."). Because Plaintiff fails to plead noncompliance with any § 2605 obligation, the claim should be dismissed with prejudice.

### IV.  PLAINTIFF'S DECLARATORY JUDGMENT AND REQUEST FOR INJUNCTIVE RELIEF COUNTS ARE MOOT.

First, Plaintiff's declaratory judgment claim (count four) is moot because servicing transferred to PHH Mortgage Services effective October 21, 2025. [Doc. 1 at pg. 102]. "Consistent with the 'cases' and 'controversies' requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an 'actual controversy.'" *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999). "It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of*

*California v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895). "A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief." *Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998).

Plaintiff seeks an order requiring Nationstar to release insurance proceeds it is holding so the property can be repaired. [Doc. 1 at ¶¶ 111-113; 115]. However, this request would require the Court to exert authority over insurance proceeds that are no longer within Nationstar's control given the servicing transfer. Because the declaratory judgment count concerns only the insurance proceeds, the issue is moot and the Court should dismiss the count.

In count six, Plaintiff asserts a request for injunctive relief and also references a filed motion for a temporary restraining order. [Doc. 1 at ¶¶ 129-131]. In doing so, Plaintiff asks the Court to prevent the servicing duties from transferring from Nationstar to PHH Mortgage Services effective October 21, 2025. *Id.* On October 17, 2025, the Court denied Plaintiff's motion for a temporary restraining order and/or preliminary injunction. [Doc. 5]. The Court analyzed the elements of a temporary restraining order and/or preliminary injunction under *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). To prevail on a request for a preliminary injunction or temporary restraining order, a movant must establish: "(1)

a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo*, 403 F.3d at 1225–26. This Court held that Plaintiff failed to demonstrate immediate harm absent the requested relief and denied Plaintiff's motion. [Doc. 5]. Therefore, Nationstar requests that this court dismiss count six as moot.

    **V.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails for lack of any identified, breached contract provision. [Doc. 1 ¶¶ 116-128]. "Under Alabama law, every contract imposes an implied duty of good faith and fair dealing." *Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098, 1110 (11th Cir. 2014). "The elements of breach of implied covenant of good faith and fair dealing are (1) the existence of a valid contract and (2) a party's interference with the rights of another to receive the benefits of the contract." *Goostree v. Liberty Nat'l Life Ins. Co.*, 421 F. Supp. 3d 1268, 1276 (N.D. Ala. 2019). "The remedy for a breach of the implied covenant is a claim for breach of the contract, but only then if there is a breach of a specific provision of the contract." *Fed. Home Loan Mortg. Corp. v. Anchrum*, No. 2:14-CV-02129-AKK, 2015 WL 2452775, at *8 (N.D. Ala. May 22, 2015). Finally, "a duty of good faith in connection with a contract is directive, not

remedial. . . ." *Tanner v. Church's Fried Chicken, Inc.*, 582 So.2d 449, 452 (Ala.1991).

Plaintiff contends that Nationstar breached the mortgage contract "by failing to properly disburse insurance funds, by disregarding documentation of completed work, and by applying unreasonable inspection standards." [Doc. 1 at ¶ 121]. She claims, "the mortgage and loss-draft provisions required Nationstar to apply insurance proceeds to repair and restoration and to administer disbursements in good faith." *Id.* at ¶ 122. However, the claim is fatally deficient because it fails to reference a specific breached provision. *See Anchrum*, at *8 ("Unless a party to a contract can point to a breach of a *specific* provision in the contract, there is no breach of an implied duty."). Therefore, Plaintiff's fifth count should be dismissed with prejudice.

## VI.     PLAINTIFF'S COMPLAINT IS A SHOTGUN PLEADING.

"A shotgun pleading is any pleading which 'fail[s] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). In *Weiland*, the 11th Circuit held:

> [W]e have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial

sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Id.* at 1321–23 (footnotes omitted). "A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks omitted) (quoting *Weiland*, 792 F.3d at 1320). "[D]istrict courts faced with a shotgun pleading should—pursuant to their inherent authority—*immediately* order a repleader and instruct the party to plead its case in accordance with Federal Rules of Civil Procedure 8(a)(2) and 10(b)." *Barmapov v. Amuial*, 986 F.3d 1321, 1329 (11th Cir. 2021) (Tjoflat, G., concurring) (emphasis added).

It is undisputed that, for the sake of fairness and due process, the Federal Rules of Civil Procedure, along with judicial interpretations of the rules, require clear and conspicuous pleadings. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."). Plaintiff's complaint, according to *Weiland*, is the most

common type of shotgun pleading in that each count "realleges" all the allegations of the preceding counts. [Doc. 1, *passim*]. For this reason alone, Plaintiff's complaint must be dismissed as it is an impermissible shotgun pleading. Therefore, Plaintiff's complaint must be dismissed as it is an impermissible shotgun pleading.

WHEREFORE, Nationstar respectfully requests that this honorable Court dismiss Plaintiff's complaint with prejudice and for such other and further relief as the court deems necessary.

Date: December 8, 2025.

Respectfully submitted,

**TROUTMAN PEPPER LOCKE LLP**

By: /s/ *Roy Wallace Harrell, III*
Roy Wallace Harrell, III, Esq.
Alabama Bar No. 3211O61H
Primary Email: roy.harrell@troutman.com
Secondary Email:
christina.hill@troutman.com
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308-2216
Telephone: 404-885-3900

**ATTORNEY FOR DEFENDANT NATIONSTAR**

322552913v1

## CERTIFICATE OF SERVICE

I do hereby certify on December 8, 2025, that I have served a true and correct copy of the foregoing upon Carolynn Elizabeth Wood, 491 White Plains Rd., Anniston, AL 36207, carolynn.e.c.wood@gmail.com, (*pro se Plaintiff*) via U.S. Mail; and Megan Phillips Huizinga, Esq., Knowles & Sullivan, LLC, 413 Broad St., Gadsden, AL 35901, megan@kkslawgroup.com (*Attorney for Trent Thrasher Construction, LLC*) via CM/ECF.

                                              /s/ *Roy Wallace Harrell, III*
                                              Roy Wallace Harrell, III