# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **CAROLYNN ELIZABETH WOOD,** <br> Plaintiff, <br><br> v. <br><br> **NATIONSTAR MORTGAGE LLC,** <br> *d/b/a Mr. Cooper,* ***et al.,*** <br> Defendants. | **Case No. 1:25-cv-1800-CLM** |

## ORDER

Plaintiff Carolynn Elizabeth Wood previously asked the court to appoint pro bono counsel, (doc. 10), which the court denied (doc. 15). So Wood restyled her request and now moves for "Reasonable Accommodation under Section 504 of the Rehabilitation Act." (Doc. 16). The reasonable accommodation that Wood seeks is the appointment of pro bono counsel. For the reasons explained below, the court **DENIES** Wood's motion for reasonable accommodation. (Doc. 16).

## DISCUSSION

Section 504 of the Rehabilitation Act of 1973 prohibits entities receiving federal funds from discriminating against otherwise qualified individuals with disabilities. *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017). The statute provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C.A. § 794(a).

Plaintiffs have used Section 504 in other contexts as the basis of claims for employment discrimination, as well as access to educational opportunities, medical treatment, and public transit. *See e.g., Boyle v. City of Pell City*, 866 F.3d 1280 (11th Cir. 2017); *Wood v. President & Trs. of Spring Hill Coll. in City of Mobile*, 978 F.2d 1214 (11th Cir. 1992), *Wood v. President & Trs. of Spring Hill Coll. in City of Mobile*, 978 F.2d 1214 (11th Cir. 1992); *Silberman v. Miami Dade Transit*, 927 F.3d 1123 (11th Cir. 2019). But this court is not aware of any case in the Eleventh Circuit, or any other, in which a court has found that Section 504 entitles a plaintiff in a civil suit to the appointment of counsel.

The closest analogue, *Franco-Gonzales v. Holder*, 767 F. Supp. 2d 1034, 1051-54 (C.D. Cal. 2010), is easily distinguishable. There, the court found that under the limited circumstances of that case, the appointment of a "qualified representative" for mentally incompetent aliens during their removal proceedings was a "reasonable accommodation" under Section 504. *See id.* at 1058. Importantly, the Immigration Judge in *Franco-Gonzales* had already determined one of the plaintiffs to be mentally incompetent. *See id.* at 1054. And the "qualified representative" to appoint plaintiffs was not required to be a barred attorney. *See id.* at 1058, n. 20.

The distinction between Wood's request for accommodation by appointment of counsel and the circumstances present in *Franco-Gonzales* are glaring. *Franco-Gonzales* took place in the immigration context. This context corresponded with consideration of the statutory mandate that the Attorney General provide "safeguards to protect the rights and privileges" of mentally incompetent aliens. 8 U.S.C. § 1229a(b)(3). And the potential consequence of the court's ruling in *Franco-Gonzales* was the deportation of the plaintiffs from the country. Wood stands on very different footing.

Wood claims that "Courts applying Section 504 have recognized that access to the court is a fundamental constitutional right, and governments must provide accommodations necessary to ensure that individuals with disabilities can participate meaningfully in the judicial process." (Doc. 16-1, p. 1-2). But "[t]he right of access to the courts 'is neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (*quoting Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir.1991)). Furthermore, Wood is not being denied access to the court. While the court is

sympathetic to her situation, Wood initiated the present suit by filing her complaint. And Wood thus far has demonstrated that she can competently represent herself and meaningfully participate in the judicial process. So it is too late for Wood to argue that her own claims are too complex to pursue without the appointment of counsel.

As the court explained in its prior order, appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. *See Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985). And as the court previously stated, this case does not present the exceptional circumstances necessary to appoint counsel. So the court **DENIES** Wood's motion for reasonable accommodation. (Doc. 16).

The court **DIRECTS** the Clerk of Court to send a copy of this order to Wood at her address of record.

**DONE** and **ORDERED** on December 12, 2025.

*/s/ Corey L. Maze*
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE