# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

**CAROLYNN ELIZABETH WOOD,**
**Plaintiff**

v.                                              Case No. 1:25-cv-01800-CLM

**NATIONSTAR MORTGAGE LLC**
**d/b/a MR. COOPER,** *et al*
**Defendant**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NATIONSTAR MORTGAGE, LLC'S MOTION TO DISMISS

Plaintiff Carolynn Elizabeth Wood, appearing *pro se*, submits this Response in Opposition to Defendant Nationstar Mortgage LLC's Motion to Dismiss (Doc. 17). The Motion fails under binding precedent and should be denied for multiple independent reasons:

- Plaintiff substantially complied with Rule 4, Defendant had actual notice, and dismissal for technical service defects is disfavored;

- Plaintiff has sufficiently pleaded claims under the Fair Housing Act (FHA) and the Rehabilitation Act at the Rule 12(b)(6) stage;

- Plaintiff has plausibly alleged violations of the Real Estate Settlement Procedures Act (RESPA);

- Plaintiff's request for declaratory and injunctive relief is not moot;

- The Complaint is not a shotgun pleading; and

- Defendant improperly asks the Court to resolve factual disputes inappropriate for resolution on a motion to dismiss.

Before Nationstar's response deadline, Plaintiff expressly advised Nationstar's counsel that she did not oppose an extension of time. Despite this, Nationstar styled its filing as an "Opposed" motion before Plaintiff had any opportunity to respond. Plaintiff assumes this was inadvertent, but the miscaption reflects the procedural carelessness that pervades the Motion.

## I. SERVICE WAS SUFFICIENT OR, ALTERNATIVELY, SHOULD BE DEEMED EFFECTIVE UNDER RULE 4(m)

Nationstar argues that service was improper because the FedEx receipt lacked a handwritten signature required under Ala. R. Civ. P. 4(i)(3)(C). (Doc. 17 at 5–6). This argument elevates form over substance.

### A. Plaintiff substantially complied and Defendant indisputably had actual notice

Nationstar received the summons and complaint, reviewed them, retained counsel, and filed a sixteen-page Motion to Dismiss with exhibits. This satisfies Rule 4's core purpose—notice and opportunity to defend.

Courts in the Eleventh Circuit consistently hold that where actual notice exists, dismissal for technical defects in service is disfavored. *Schnabel v. Wells*, 922 F.2d 726, 728–29 (11th Cir. 1991).

### B. Modern commercial delivery protocols do not always include handwritten signatures

Commercial carriers frequently rely on electronic delivery confirmation rather than handwritten signatures. Courts have recognized that rigid enforcement of signature requirements is inappropriate where actual notice is undisputed.

### C. Rule 4(m) mandates extension, not dismissal

Even if service were technically imperfect, Rule 4(m) requires the Court to extend the time for service upon a showing of good cause. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

Plaintiff stands ready to supplement the record or re-serve Nationstar by any method the Court directs. Dismissal under Rules 12(b)(2) or 12(b)(5) is therefore improper.

## II. PLAINTIFF HAS STATED A CLAIM UNDER THE FAIR HOUSING ACT

Nationstar argues that 42 U.S.C. § 3604(f) applies only to the sale or rental of housing and not to mortgage servicing. (Doc. 17 at 6–8). This argument is incorrect as a matter of law.

### A. FHA § 3604(f)(2) applies to services connected with a dwelling

The statute expressly prohibits discrimination in "the provision of services or facilities in connection with a dwelling." Mortgage servicing is a core service connected with a dwelling.

The Eleventh Circuit has held that § 3604(f)(2) extends beyond initial acquisition of housing. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1225 (11th Cir. 2016).

42 U.S.C. § 3604(f)). In relevant part, section 3604(f) makes it unlawful:

> (1) To discriminate in the sale or rental, *or* (emphasis added) to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of . . . that buyer or renter . . . [or] any person associated with that buyer or renter.
>
> (2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, *or* (emphasis added) in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person . . . [or] any person associated with that person.42 U.S.C. § 3604(f)(1)-(2).

Under section 3604(f), "discrimination includes," among other things, a refusal to make reasonable accommodations in **rules, policies, practices, or services**, (emphasis added) when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.] Id. § 3604(f)(3)(B).

### B. Plaintiff plausibly alleged a refusal to accommodate

Plaintiff alleged that she has PTSD and related disabilities, and that Nationstar's refusal to accept any payments all the while threatening foreclosure was causing emotional harm to her and her disabled family members.

Not only did Nationstar ignore Plaintiff's written accommodation requests, but they also refused to engage in any dialogue to ascertain why their refusal to accept any

mortgage payments was exacerbating Plaintiff's disability. Nor did Nationstar inquire as to why their refusal to accommodate was causing Plaintiff additional disability-related stress over the repeated threats of and risk of foreclosure. But instead, Nationstar threatened foreclosure again just after Plaintiff filed complaints with the Consumer Financial Protection Bureau, the Alabama Banking Commission and the Department of Housing and Urban Development (HUD.)

Although the FHA does not expressly mandate an "interactive process," courts uniformly recognize that ignoring a written accommodation request constitutes a denial. At the pleading stage, Plaintiff has stated a plausible FHA claim.

To assert a failure to reasonably accommodate under section 3604(f)(3), a plaintiff must plead four elements:

> (1) the plaintiff is a person with a disability within the meaning of the FHA, or a person associated with that individual;
>
> (2) the plaintiff requested a reasonable accommodation for the disability;
>
> (3) the requested accommodation was necessary to afford the plaintiff an opportunity to use and enjoy the dwelling; and
>
> (4) the defendant refused to make the accommodation.

See *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 (11th Cir. 2014).

Nationstar asks this Court to conclude that mortgage servicing does not constitute the provision of housing-related services and therefore imposes no obligation to provide reasonable accommodations under the Fair Housing Act. That position is inconsistent with established FHA principles. Courts have long recognized that entities exercising control over a person's ability to use and enjoy a dwelling—such as property management companies collecting monthly rent—are housing providers subject to the FHA. By analogy, mortgage servicers that control payment acceptance, loss-mitigation options, and the release of insurance proceeds over the life of a decades-long loan likewise exercise direct control over a borrower's continued use and enjoyment of her home.

Here, Plaintiff alleged that Nationstar's servicing decisions directly impaired her ability to maintain and occupy her dwelling and that Nationstar refused to consider a written request for a reasonable accommodation that would have allowed her to resume payments with an additional monthly amount. At the pleading stage, Plaintiff is not required to prove the ultimate reasonableness of the accommodation; she must allege that a reasonable accommodation was requested and denied. Nationstar does not raise a reasonableness defense under the FHA in its Motion. The Complaint plausibly alleges discriminatory refusal to accommodate based on disability.

Private contract provisions cannot override federal civil rights obligations. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704 (1945).

### C. Plaintiff clearly asserted a claim for retaliation for asserting her rights under the FHA

With these statutory elements in mind, Plaintiff has clearly alleged discrimination due to Defendant's repeated failure to address Plaintiff's request, communicate specifically with her as to why or how her request was unreasonable.

The "mootness" defense especially fails because Plaintiff's complaint also included the issue of retaliation for asserting her rights under the Fair Housing Act. The burden now shifts to the Defendant to show that continued threats of foreclosure, and transfer to another servicer were not due to any fault of their own.

At the motion to dismiss stage, courts accept the well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. See *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012).

### III. THE REHABILITATION ACT CLAIM IS PLAUSIBLY PLEADED

Nationstar argues Plaintiff failed to allege that Nationstar receives federal financial assistance. (Doc. 17 at 8–9). The Complaint alleges that Plaintiff's loan is backed by the U.S. Dept. of Veterans Affairs and that Nationstar participates in federally supported VA servicing programs.

7

Whether Nationstar receives qualifying federal assistance is a factual issue, not suitable for resolution at the Rule 12(b)(6) stage. *Shotz v. Am. Airlines, Inc.*, 420 F.3d 1332, 1335 (11th Cir. 2005).

The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly,* 550 U.S. at 556, 127 S. Ct. at 1965. But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth. See *Mamani v. Berzain*, 654 F.3d 1148, 1153–54 (11th Cir. 2011). Plaintiff's complaint alleges the following facts:

After a Covid-related forbearance period ended, Nationstar demanded immediate, full, and total repayment of the amount of arrears. Outside of a lump-sum full remittance Plaintiff was not allowed to resume monthly payments and her checks were returned. Plaintiff then made two payments to Nationstar through the online escrow portal. When Nationstar discovered the payments, the online portal access was shut off. Plaintiff then tried to negotiate a "catch up" plan with $900 extra each month towards the arrearage. Nationstar refused her offer, continued threats of foreclosure and charged late fees, inspection fees, and posted letters on Plaintiff's front door.

Plaintiff alerted Nationstar that these actions and refusals to accept her payments were causing her disabilities to get worse. This triggered what is referred to as

"notice." Plaintiff explained in detail via letters how her request would alleviate the harm being caused due to Nationstar's refusal to accommodate. Nationstar never responded. This is called "a denial."

Plaintiff has plausibly alleged a Rehabilitation Act claim.

## IV. PLAINTIFF HAS PLAUSIBLY ALLEGED RESPA VIOLATIONS

Nationstar asserts that the Real Estate Settlement Procedures Act (RESPA) does not apply to loss-draft proceeds. (Doc. 17 at 10–11). Courts have rejected this narrow reading.

Plaintiff alleges that Nationstar withheld $76,954.07 in insurance proceeds, imposed unreasonable inspection requirements, downgraded inspection percentages, ignored written inquiries, and delayed repairs.

As a direct and foreseeable consequence, structural damage has worsened. Because the garage roofline was destroyed and repairs delayed, rainwater is no longer diverted away from the structure. Instead, water now runs beneath Plaintiff's home, eroding soil supporting the floor joists. The bedroom floor has sagged approximately four inches, furniture no longer sits level, and structural instability has spread to an adjacent bedroom. This is a 96-year-old farmhouse, and the damage is ongoing and progressive.

These allegations plausibly state a RESPA claim and easily surpass the *Twombly* and *Iqbal* standards.

## V. PLAINTIFF ADEQUATELY PLED BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff identified mortgage obligations governing loss-draft administration and alleged that Nationstar manipulated inspections, delayed disbursements, and withheld funds necessary to restore the home. These facts plausibly allege interference with contractual rights under Alabama law.

## VI. DECLARATORY RELIEF IS NOT MOOT

Nationstar argues Plaintiff's declaratory judgment claim is moot due to a servicing transfer. (Doc. 17 at 11–12). This argument fails.

A servicing transfer does not erase past misconduct or liability. Declaratory relief remains appropriate to address Nationstar's prior actions and the resulting continuing consequences.

A case is moot only when no effectual relief is possible. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Declaratory relief addressing past violations remains available where consequences persist. *KH Outdoor, LLC v. Clay Cnty.*, 482 F.3d 1299, 1303 (11th Cir. 2007).

Notably, Nationstar does not challenge subject-matter jurisdiction under Rule 12(b)(1) or contend that no actual controversy existed at filing. Its mootness argument based on post-filing events does not convert this into a Rule 12(b)(6) dismissal.

## VII. THE COMPLAINT IS NOT A SHOTGUN PLEADING

Each claim is separately stated, supported by specific factual allegations, and clearly directed at Nationstar's conduct. Cross-incorporation alone does not render a complaint a shotgun pleading. Even if restructuring were required, Rule 15(a)(2) mandates that leave to amend be freely given.

## VIII. PRESERVATION OF PRIOR DENIAL OF RECRUITED COUNSEL

This Response is submitted *pro se* because the rules require it and the Court ordered it. However, Plaintiff respectfully notes that her prior Motion for Recruited Counsel under Section 504 of the Rehabilitation Act was denied. Plaintiff preserves that ruling for appeal. Plaintiff's ability to produce written filings with substantial effort and assistive tools does not negate the disability-based need for counsel for discovery, oral advocacy, and trial proceedings..

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

- Deny Nationstar's Motion to Dismiss in its entirety;

- Alternatively, grant leave to amend pursuant to Rule 15(a)(2) should the Court find any pleading deficiency;

- Not convert the Motion to Dismiss into a Motion for Summary Judgment simply because a document was attached to the Motion to Dismiss;[1] and

- Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Carolynn Elizabeth Wood, *Pro Se*
491 White Plains Road
Anniston, AL 36207
(928) 925-8031
carolynn.e.c.wood@gmail.com
Dated: January 5, 2026

---

[1] The Court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January, 2026, I placed the forgoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO NATIONSTAR'S MOTION TO DISMISS** in the US Mail, postage pre-paid to:

Roy W Harrell , III
Troutman Pepper Hamilton Sanders LLP
4290 Peachtree Dunwoody Rd
Atlanta, GA 30342

*Carolynn E Wood* (signature)
Carolynn Elizabeth Wood

**Carolynn E. Wood**
491 White Plains Road
Anniston, AL 36207
(928)925-8031



RECEIVED
2026 JAN -8  A 11:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

January 5, 2026

Clerk of Court
U.S. District Court, Northern District of Alabama
Hugo L. Black U.S. Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Re: Wood v. Nationstar Mortgage LLC, Civil Action No. **1:25-cv-01800-CLM**

Subject: Response to Motion to Dismiss

Dear Clerk of Court,

Please find enclosed for filing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NATIONSTAR MORTGAGE, LLC'S MOTION TO DISMISS

Thank you for your assistance and attention to this matter.

Respectfully,

*Carolynn E. Wood*
Carolynn E. Wood
Plaintiff, *Pro Se*

Encl. as stated













CERTIFIED MAIL

7020 0640 0001 3097 7598

Retail

U.S. POSTAGE PAID
PM
ANNISTON, AL 36201
JAN 05, 2026

35203

$21.60

RDC 03    0 Lb 4.00 Oz    S2324P501297-26

UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

FROM:
Carolynn E. Wood
491 White Plains Rd.
Anniston, AL 36207

TO:
Clerk
US District Court
Northern Dist of Alabama
Hugo L. Black US Courthouse
1729 5th Avenue North
Birmingham, AL 35203