# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **CAROLYNN ELIZABETH WOOD,** | |
| **Plaintiff,** | |
| v. | **CASE NO.: 1:25-CV-01800-CLM** |
| **ALABAMA DAMAGE SPECIALISTS, INC., TRENT THRASHER CONSTRUCTION, LLC, and ELECTRIC PLUS, LLC,** "Indispensable Parties" and **NATIONSTAR MORTGAGE LLC dba MR. COOPER, and FICTIONAL DEFENDANT "JOHN DOE,"** | |
| **Defendants.** | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper (**Nationstar**) respectfully replies to Plaintiff's Opposition [Doc. 20] to Defendant's Motion to Dismiss. In further support, Defendant states:

### ARGUMENT

**I.     EFFECTIVE SERVICE OF PROCESS REQUIRES MORE THAN ACTUAL NOTICE.**

In opposition to Nationstar's defective-service argument, Plaintiff contends that Nationstar's actual notice—evidenced by its retention of counsel and filing of a

1

motion to dismiss—satisfies due process. To support this argument, Plaintiff cites to *Schnabel v. Wells*, 922 F.2d 726 (11th Cir. 1991). [Doc. 20, pg. 2]. However, the holding in *Albra* superseded *Schnabel*. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service."). The *Albra* court even held that "we are to give liberal construction to the pleadings of *pro se* litigants, [but] 'we nevertheless have required them to conform to procedural rules.'" *Id.* (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)). Because Plaintiff must comply with the procedural rules governing service of process, actual notice alone is insufficient.

Additionally, relying on *Lepone-Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007), Plaintiff argues that Fed. R. Civ. P. 4(m) "requires the Court to extend the time for service upon a showing of good cause." [Doc. 20, pg. 3]. Nationstar does not dispute the plain language of Fed. R. Civ. P. 4(m), but Plaintiff's opposition fails to demonstrate good cause.

## II.  PLAINTIFF'S FAIR HOUSING/REHABILITATION ACT CLAIMS SEEK TO CIRCUMVENT THE MORTGAGE.

Plaintiff's construction of 42 U.S.C. § 3604(f) to cover mortgage servicing activities is unduly broad and contrary to the statute. First, Plaintiff's reliance on § 3604(f)(2) is impermissible because she did not allege a violation of that specific provision in her complaint. *See Calderwood v. United States*, 623 F. Supp. 3d 1260, 1278 (N.D. Ala. 2022) ("a plaintiff cannot amend his complaint through counsel's

2

arguments in opposition to a motion to dismiss."); *see also* [Doc. 1]. Second, to support her broad interpretation of § 3604(f), she relies on *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213 (11th Cir. 2016). However, the facts in *Hunt* are readily distinguishable from those presented here. In *Hunt*, the court addressed a tenant's FHA claim involving a landlord's threat to evict the tenant and the tenant's disabled son, who had allegedly made threats against members of the complex's staff. *Id.* Here, Plaintiff brings an FHA claim against Nationstar, a mortgage servicer, because it would not permit her "accommodation" request and accept partial mortgage payments. [Doc. 1, *passim*]. Plaintiff attempts to invoke her disability to circumvent the clear, binding language of the mortgage—which she read, reviewed, and executed—that expressly permits Nationstar to reject partial payments. Nationstar denied her partial payment requests not because of her disability, but in accordance with the terms of the contract.

Plaintiff's Rehabilitation Act count fails for the same reason as the FHA claim. Additionally, her opposition fails to rebut Nationstar's contention that she failed to allege that Nationstar receives federal financial assistance. Plaintiff asserts that § 794 applies to Nationstar because it services a "VA-backed" loan and as such Nationstar is a "participant in a federally assisted housing program." [Doc. 20, pg. 7]; [Doc. 1 at ¶¶ 88; 94; and 173]. However, Plaintiff fails to plead that a loan's VA backing alone constitutes federal financial assistance to Nationstar.

### III. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION PERTAINING TO RESPA.

Plaintiff's opposition fails to refute any argument proffered by Nationstar. [Doc. 20, pgs. 9-10]. The complaint remains deficient in that it does not identify a particular RESPA provision allegedly violated or articulate how RESPA governs the disbursement of insurance proceeds. Because Plaintiff fails to plead noncompliance with any § 2605 obligation, the claim should be dismissed with prejudice.

### IV. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

The breach of the implied covenant of good faith and fair dealing claim remains deficient for lack of any identified, breached contract provision. [Doc. 20, pg. 10]. Plaintiff claims she "identified mortgage obligations governing loss-draft administration." *Id.* However, the claim is fatally deficient because it fails to reference a specific breached provision. *See Fed. Home Loan Mortg. Corp. v. Anchrum*, No. 2:14-CV-02129-AKK, 2015 WL 2452775, at *8 (N.D. Ala. May 22, 2015) ("Unless a party to a contract can point to a breach of a *specific* provision in the contract, there is no breach of an implied duty."). Additionally, this cause of action is not recognized under Alabama law. See *Laborde v. Citizens Bank, N.A.*, No. SC-2025-0014, 2025 WL 3684583, at *4 (Ala. Dec. 19, 2025).

## V. PLAINTIFF'S DECLARATORY JUDGMENT AND REQUEST FOR INJUNCTIVE RELIEF COUNTS ARE MOOT.

Plaintiff's opposition contends that her requests for declaratory relief are not moot, but she fails to address the inherent defects discussed in Nationstar's motion to dismiss. In Plaintiff's complaint, she first requests "immediate injunctive relief" to stop the loan servicing from transferring to PHH Mortgage Services. [Doc. 1, ¶ 130]. However, the servicing already transferred to PHH Mortgage Services effective October 21, 2025. [Doc. 1, pg. 102]. Additionally, Plaintiff seeks an order requiring Nationstar to release insurance proceeds to her. [Doc. 1 at ¶¶ 111-113; 115]. However, this request would require the Court to exert authority over insurance proceeds that are no longer within Nationstar's control given the servicing transfer on October 21, 2025.

## VI. PLAINTIFF'S COMPLAINT IS A SHOTGUN PLEADING.

Plaintiff contends that her complaint is not a shotgun pleading, yet she cites no case law in support of that assertion. Contrary to her assertion that merely reincorporating all prior paragraphs into each subsequent count does not make her complaint a shotgun pleading, *Weiland* makes clear that "[t]he most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313,

5

1321 (11th Cir. 2015). Thus, Plaintiff's complaint is an impermissible shotgun pleading that falls squarely within the categories identified in *Weiland*.

WHEREFORE, Defendant respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint and enter an Order dismissing with prejudice Plaintiff's claims against it and granting any other legal or equitable relief the Court deems appropriate.

Date: January 16, 2026.

        Respectfully submitted,

        **TROUTMAN PEPPER LOCKE LLP**

        By: /s/ *Roy Wallace Harrell, III*
        Roy Wallace Harrell, III, Esq.
        Alabama Bar No. 3211O61H
        Primary Email: roy.harrell@troutman.com
        Secondary Email:
        christina.hill@troutman.com
        600 Peachtree Street NE, Suite 3000
        Atlanta, Georgia 30308-2216
        Telephone: 404-885-3900

        **ATTORNEY FOR DEFENDANT NATIONSTAR**

## **CERTIFICATE OF SERVICE**

I do hereby certify on January 16, 2026, that I have served a true and correct copy of the foregoing upon Carolynn Elizabeth Wood, 491 White Plains Rd., Anniston, AL 36207, carolynn.e.c.wood@gmail.com, (*pro se Plaintiff*) via U.S. Mail; and Megan Phillips Huizinga, Esq., Knowles & Sullivan, LLC, 413 Broad St., Gadsden, AL 35901, megan@kkslawgroup.com (*Attorney for Trent Thrasher Construction, LLC*) via CM/ECF.

/s/ *Roy Wallace Harrell, III*
Roy Wallace Harrell, III