FILED
2026 Feb-27 PM 03:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

FILED
CL
2026 FEB 27 P 12: 24
U.S. DISTRICT COURT
N.D. OF ALABAMA

**CAROLYNN ELIZABETH WOOD**,
Plaintiff,

v.

**NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER**,

and

**PHH MORTGAGE SERVICES**,
Defendants.

Case No. 1:25-cv-01800-CLM

## FIRST AMENDED COMPLAINT

Plaintiff Carolynn Elizabeth Wood, proceeding pro se, alleges as follows:

## I. NATURE OF THE ACTION

1. This action arises from mortgage servicing practices by Defendant Nationstar Mortgage LLC prior to October 20, 2025, and by Defendant PHH Mortgage Services thereafter, in connection with Plaintiff's primary residence.

2. Plaintiff is a 100% disabled combat veteran who sought loss mitigation and reasonable accommodation in connection with servicing of her VA-backed mortgage loan.

3. Following a September 5, 2024 fire, insurance proceeds were placed under Defendants' control and disbursed only in staged increments based upon inspection percentage determinations controlled by Defendants.

4. Plaintiff personally funded demolition and mitigation work while insurance funds remained restricted.

5. After Plaintiff engaged in protected activity under federal housing law, Defendants escalated default proceedings and threatened acceleration of the loan.

6. Plaintiff seeks declaratory relief, injunctive relief, statutory damages, actual damages, and equitable relief.

## II. PARTIES

7. Plaintiff is the borrower on a VA-backed mortgage secured by 491 White Plains Road, Anniston, Alabama ("the Property").

8. Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper serviced the loan through October 20, 2025.

9. Defendant PHH Mortgage Services began servicing the loan on October 20, 2025 and remains the current servicer.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

11. This action arises under the Fair Housing Act, 42 U.S.C. §§ 3604 and 3617; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605; Section 504 of

the Rehabilitation Act, 29 U.S.C. § 794; and the Declaratory Judgment Act, 28 U.S.C. § 2201.

12. Venue is proper in this District.

## IV. FACTUAL ALLEGATIONS

### A. Forbearance and Repayment Framework

13. Plaintiff enrolled in voluntary COVID-related forbearance during 2022 and 2023.

14. Arrearage accrued following conclusion of forbearance.

15. Defendant Nationstar provided written correspondence describing repayment options that allowed past-due amounts to be paid over time rather than in a lump sum.

16. Plaintiff relied upon those representations.

17. Plaintiff resumed full monthly payments and added approximately $900 per month toward arrearage.

### B. Refusal to Accept Payments

18. In November 2023, Plaintiff attempted to resume regular payments.

19. The online payment portal was disabled.

20. Plaintiff transmitted payments through alternative channels.

21. Access to the alternative portal was later removed without written explanation.

22. Defendant Nationstar stated it was "unable to accept partial payments due to the delinquency."

23. Defendant demanded full reinstatement instead.

**C. Disability Disclosure and Accommodation Request**

24. Plaintiff is a 100% disabled combat veteran diagnosed with PTSD and major depressive disorder.

25. Plaintiff disclosed her disability in written servicing communications.

26. On July 11, 2024, Plaintiff submitted a written request for reasonable accommodation under 42 U.S.C. § 3604(f)(3)(B).

27. Plaintiff requested acceptance of resumed monthly payments plus additional arrearage contributions.

28. Defendant Nationstar did not provide a substantive evaluation of the requested accommodation.

**D. CFPB Complaint and Immediate Escalation**

29. On or about November 13, 2024, Plaintiff submitted a complaint through the Consumer Financial Protection Bureau ("CFPB") regarding Defendant Nationstar's refusal to accept payments and its handling of insurance proceeds.

30. On November 19, 2024, Defendant Nationstar issued a written response to the CFPB complaint.

31. In that response, Defendant Nationstar stated it was unable to accept partial payments due to delinquency and maintained that full reinstatement was required.

32. The November 19, 2024 letter further acknowledged that approximately $105,938.75 in insurance proceeds were being held in a restricted hazard loss draft account and that at least 25% inspection completion was required before additional funds would be released.

33. On November 20, 2024—one day after issuing the CFPB response—Defendant Nationstar sent a formal Notice of Default.

34. The Notice demanded $33,943.47 to cure by December 25, 2024 and warned that failure to cure could result in acceleration and sale of the Property.

35. The Notice further stated that Defendant reserved the right to accept a partial payment while still proceeding with acceleration if the full reinstatement amount was not paid.

36. The Notice also enclosed descriptions of repayment alternatives, including structured repayment plans allowing past-due amounts to be paid over time.

37. The issuance of a formal acceleration threat one day after Plaintiff's CFPB complaint escalated the risk of foreclosure immediately following Plaintiff's protected conduct.

**E. Fire and Insurance Control**

38. On September 5, 2024, a fire substantially damaged the Property.

39. Insurance proceeds totaling approximately $115,938.75 were placed in restricted escrow under Defendant Nationstar's control.

40. An initial advance of $10,000 was issued.

41. Additional funds were conditioned upon inspection percentages.

42. Plaintiff demolished unsafe structures and incurred substantial personal expense.

43. Defendant required 25% inspection results before releasing additional funds.

**F. Servicing Transfer and Continued Refusal**

44. Servicing transferred to Defendant PHH on October 20, 2025.

45. Plaintiff requested release of additional insurance funds.

46. Defendant PHH refused, asserting repairs were incomplete.

47. Plaintiff submitted a Qualified Written Request on January 30, 2026 seeking servicing documentation.

48. Defendant PHH failed to provide complete responsive documentation.

## V. CLAIMS FOR RELIEF

### COUNT I – Fair Housing Act
(42 U.S.C. §§ 3604(f)(3)(B) and 3617)

49. Plaintiff realleges paragraphs 1–48.

50. Mortgage servicing constitutes services in connection with the use and enjoyment of a dwelling.

51. Plaintiff is a qualified individual with a disability.

52. Plaintiff requested a reasonable accommodation.

53. Defendant Nationstar failed to meaningfully evaluate or modify servicing practices. The requested accommodation was reasonable and would not have imposed an undue financial or administrative burden.

54. Plaintiff engaged in protected activity by requesting accommodation and filing a CFPB complaint.

55. Within one day of responding to the CFPB complaint, Defendant Nationstar issued a formal Notice of Default threatening acceleration.

56. The close temporal proximity between Plaintiff's protected conduct and the escalation of default proceedings constitutes interference or retaliation within the meaning of 42 U.S.C. § 3617.

### COUNT II – RESPA
**(12 U.S.C. § 2605)**

57. Plaintiff realleges paragraphs 1–48.

58. Plaintiff submitted a Qualified Written Request relating to servicing.

59. Defendant PHH failed to conduct a reasonable investigation and provide complete documentation.

60. Plaintiff suffered actual damages.

## COUNT III – Breach of Contract / Implied Covenant

61. Plaintiff realleges paragraphs 1–48.

62. The mortgage requires good-faith administration of insurance proceeds.

63. Defendants withheld documentation and restricted funds in a manner that impaired Plaintiff's ability to comply with contractual obligations.

## COUNT IV – Section 504 of the Rehabilitation Act

64. Plaintiff realleges paragraphs 1–48.

65. Plaintiff is a qualified individual with a disability.

66. Defendants receive federal financial assistance through federally related mortgage servicing and VA-backed programs.

67. Defendants failed to provide reasonable accommodation.

## COUNT V – Declaratory Judgment
(28 U.S.C. § 2201)

68. Plaintiff realleges paragraphs 1–48.

69. An actual and justiciable controversy exists regarding Defendants' obligations under federal law and the mortgage contract.

70. Plaintiff seeks a declaration clarifying:

a. Defendants' duty to evaluate FHA accommodations in good faith;

b. Defendants' duty to provide inspection documentation;

c. The parties' rights regarding staged insurance disbursement;

d. The legal effect of escalating default proceedings immediately following protected activity.

## VI. REQUEST FOR INJUNCTIVE RELIEF

71. Plaintiff realleges paragraphs 1–48.

72. Plaintiff has suffered and continues to face ongoing irreparable harm through continued restriction of insurance proceeds and servicing deadlock.

73. Monetary damages alone are inadequate to remedy potential loss of a primary residence and ongoing structural deterioration.

74. Plaintiff is likely to succeed on the merits of her federal statutory claims.

75. The balance of equities favors Plaintiff.

76. The public interest favors enforcement of federal housing protections.

77. Plaintiff seeks injunctive relief requiring:

a. Good-faith evaluation of her FHA accommodation request;

b. Release of insurance proceeds consistent with verified mitigation;

c. Production of complete inspection documentation;

d. Suspension of foreclosure-related activity pending compliance with federal law.

## VII. DAMAGES

78. Plaintiff has suffered out-of-pocket costs, delay damages, and statutory damages.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

- Declaratory relief
- Injunctive relief
- Actual damages
- Statutory damages
- Costs and fees where authorized
- Such other relief as the Court deems just and proper

## IX. JURY DEMAND

79. Plaintiff demands trial by jury on all issues so triable.

This is the 27th day of February 2026.

Respectfully Submitted,

Carolynn E. Wood 2/27/2026
Carolynn E. Wood, Plaintiff, Pro Se
491 White Plains Road
Anniston, Alabama 36207
(928)925-8031
carolynn.e.c.wood@gmail.com

## CERTIFICATE OF SERVICE

I, Carolynn Elizabeth Wood, hereby swear by my signature below that I have served the foregoing First Amended Complaint for Declaratory and Injunction Relief on the Attorney for the Defendant, Nationstar Mortgage, LLC d/b/a Mr. Cooper by depositing a copy in the US Mail, certified, return-receipt requested postage prepaid to:

Roy Wallace Harrell, III, Esq.
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308-2216

And, in the same manner, I have also served the registered agent for Defendant Nationstar Mortgage d/b/a Mr. Cooper at:

**Corporation Service Company**
Registered Agent for Defendant Nationstar Mortgage LLC
d/b/a Mr. Cooper
641 South Lawrence Street
Montgomery, Alabama 36104

Also in the same manner, I have served Defendant PHH Mortgage Services' registered agent at the following:

**Corporation Service Company**
Registered Agent for PHH Mortgage Services
641 South Lawrence Street
Montgomery, Alabama 36104

This is the 27th day of February 2026

Carolynn E. Wood, Plaintiff, Pro Se
491 White Plains Road
Anniston, Alabama 36207
(928)925-8031
carolynn.e.c.wood@gmail.com