FILED
2026 Mar-25 PM 12:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **CAROLYNN ELIZABETH WOOD,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NATIONSTAR MORTGAGE LLC dba MR. COOPER,**<br><br>**Defendant.** | **CASE NO.: 1:25-CV-01800-CLM** |

# OPPOSED MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper (**Nationstar**)[1] respectfully moves to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PROCEDURAL AND EVIDENTIARY REQUEST

### I. INCORPORATION-BY-REFERENCE DOCTRINE.

Plaintiff relies on a publicly recorded document (e.g., subject mortgage), which is referenced throughout the amended complaint, is central to Plaintiff's claims, and is undisputed as to its authenticity. *See Johnson v. City of Atlanta*, 107

[1] Rocket Mortgage, LLC, is successor by merger to Nationstar Mortgage LLC effective February 2, 2026.

F.4th 1292, 1300 (11th Cir. 2024) (in assessing a motion to dismiss "a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged."); *see also M5 Mgmt. Services, Inc. v. Yanac*, 428 F. Supp. 3d 1282, 1288 (N.D. Ala. 2019). Nationstar requests that the Court consider the attached recorded mortgage.[2]

## FACTUAL BACKGROUND

Plaintiff's claims arise from two distinct factual bases: (1) Nationstar's alleged denial of a reasonable accommodation and (2) Nationstar's purported wrongful withholding of insurance proceeds. [Doc. 24, *passim*].

As a result of COVID-19, Plaintiff's loan was voluntarily placed in forbearance from 2022 to 2023. *Id.*, ¶ 13. After the forbearance concluded, Plaintiff attempted to resume her monthly mortgage payments, in addition to paying an extra $900 each month, but Nationstar required the full reinstatement amount and declined partial payments. *Id.*, ¶ 17, 22-23. Plaintiff requested that Nationstar accept less than the full reinstatement amount as a reasonable accommodation under 42 U.S.C. § 3604(f)(3)(B) but Nationstar refused the request.[3] *Id.*, ¶ 37. From these facts, Plaintiff alleges that Nationstar violated the Fair Housing Act ("FHA") and the

[2] The subject mortgage is recorded in Mortgage Book 5042, Page 184, in the Office of the Judge of Probate of Calhoun County, Alabama.

[3] Plaintiff purportedly has PTSD and major depressive disorder. [Doc. 24, ¶ 24].

Rehabilitation Act by refusing to accept partial payments as a reasonable accommodation given her disability.

Concerning the insurance proceeds, on September 5, 2024, Plaintiff's property was damaged by a fire. *Id.*, ¶ 38. Plaintiff's homeowner's insurance company issued a loss payment check in the amount of $115,938.76 jointly to Plaintiff and Nationstar. *Id.*, ¶ 39. After both parties endorsed the check, over time, Nationstar disbursed funds to Plaintiff for repairs. *Id.*, ¶ 40. However, Plaintiff alleges that Nationstar did not do so, and that Co-Defendant PHH Mortgage Services ("PHH") is now wrongfully withholding the remaining insurance proceeds. *Id.*, ¶¶ 32, 41, 43, 45-46. Servicing transferred to PHH effective October 20, 2025. *Id.*, ¶ 44. Based on these allegations, Plaintiff contends that Nationstar breached the mortgage and the implied covenant of good faith and fair dealing. Plaintiff also asserts a claim for declaratory judgment and seeks corresponding injunctive relief. *Id.*, pgs. 8-10.

## ARGUMENT

### I. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER THE FAIR HOUSING AND REHABILITATION ACTS.

Plaintiff claims Nationstar violated the FHA (42 U.S.C. § 3601 *et seq.*), specifically 42 U.S.C. §§ 3604(f)(3)(B) and 3617, and Section 504 of the Rehabilitation Act (29 U.S.C. § 794) by refusing her request to accept partial loan payments. [Doc. 24, pgs. 7-8]. As pleaded, the amended complaint asserts that

Nationstar arbitrarily refused her "accommodation" request. *Id.* Contrarily, Nationstar refused the "accommodation" request pursuant to the plain terms of Plaintiff's mortgage. [*See* Mortgage, **Exhibit A**]. In paragraph one, the mortgage states that the "[l]ender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current." *Id.* Plaintiff's allegations rely instead on a bare legal conclusion that the refusal constitutes discrimination. For this reason alone, counts one and four fail at the outset. However, the claims also fail because 42 U.S.C. § 3604 is limited to discrimination in the sale or rental of housing, and 29 U.S.C. § 794 applies only to recipients of federal financial assistance.

**a. 42 U.S.C. § 3604(F)(3)(B)**

Section 3604 is titled "Discrimination in the **sale or rental** of housing and other prohibited practices." (emphasis added). Under § 3604(f)(1), it is unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." § 3604(f)(2) likewise bars discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling." And § 3604(f)(3)(B), the section at issue, states:

> **For purposes of this subsection**, discrimination includes: a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

(emphasis added). By its terms, § 3604(f) confines its reach to discrimination in the sale or rental of housing and, for purposes of that subsection, defines what also constitutes "discrimination" under § 3604(f)(3)(B). Plaintiff's reliance on § 3604(f)(3)(B) to claim disability discrimination by Nationstar is misplaced. The provision operates only within § 3604(f)'s sale or rental framework and does not regulate mortgage servicing or the acceptance of partial payments. *See United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999) ("The starting point for all statutory interpretation is the language of the statute itself.").

Even assuming, *arguendo*, that the FHA applies under these circumstances, Plaintiff still fails to state a claim. To assert a claim under 42 U.S.C. § 3604(f)(3), Plaintiff must plead four elements:

> (1) the plaintiff is a person with a disability within the meaning of the FHA or a person associated with that individual; (2) the plaintiff requested a reasonable accommodation for the disability; (3) the requested accommodation was necessary to afford the plaintiff an opportunity to use and enjoy the dwelling; and (4) the defendant refused to make the accommodation.

*Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1225 (11th Cir. 2016). First, Plaintiff's requested accommodation is not reasonable because it directly conflicts with the express terms of the mortgage contract. *See* **Ex. A**, ¶ 1. The mortgage that she read, reviewed, and executed expressly authorizes Nationstar to reject partial payments. By asking Nationstar to accept partial payments indefinitely as an

"accommodation," Plaintiff is effectively seeking to rewrite or circumvent this clear contractual language based solely on her disability. The FHA does not require a lender or servicer to waive or alter fundamental loan terms, and if such a request were deemed a reasonable accommodation, there would be no principled stopping point for similar requests by borrowers seeking to avoid their agreed-upon payment obligations. Finally, the amended complaint fails to allege that Nationstar denied her request specifically because of her disability and that this request is necessary for her to be able to use and enjoy her property.

Therefore, Plaintiff fails to state a cognizable claim under § 3604(f)(3)(B), and it must be dismissed with prejudice.

**b. 29 U.S.C. § 794**

In the same breath as her § 3604(f)(3)(B) argument, Plaintiff contends that Nationstar was required to accept partial payments or face consequences for noncompliance with the Rehabilitation Act. [Doc. 24, ¶¶ 64-67]. However, this argument fails as well. Plaintiff alleges no facts explaining how the loan's "VA backing" constitutes federal financial assistance to Nationstar, nor does she identify what specific "VA-backed program," if any, applies to her circumstances. *Id.*, ¶¶ 7, 66.

"Section 504 of the Rehabilitation Act of 1973 prohibits entities receiving federal funds from discriminating against otherwise qualified individuals with

disabilities." *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017). Codified as 29 U.S.C. § 794, it states, in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

Plaintiff asserts that § 794 applies to Nationstar because it services a "VA-backed" loan and as such Nationstar is denying her the benefits of a VA program or activity receiving federal financial assistance. [Doc. 24 at ¶¶ 64-67]. Yet, this does not establish that Nationstar received federal financial assistance. "The Rehabilitation Act does not define 'federal financial assistance.' Courts, however, have defined the term as used in the Rehabilitation Act to mean the federal government's provision of a subsidy to an entity." *Shotz v. Am. Airlines, Inc.*, 420 F.3d 1332, 1335 (11th Cir. 2005). The amended complaint pleads only conclusory assertions that Nationstar serviced a VA-backed loan, which must guarantee federal assistance. [Doc. 24, ¶¶ 64-67].[4]

---

[4] If Nationstar were to accept federal financial assistance "Congress usually requires federal agencies to obtain from the recipients of 'federal financial aid' written, executed assurances that they will comply with the Rehabilitation Act." *Shotz*, at 1335; *see generally* 49 C.F.R. § 27.9(a).

Additionally, § 794 applies only to "any program or activity receiving Federal financial assistance," and Plaintiff must plausibly allege that she was excluded from, denied the benefits of, or otherwise discriminated under such a program by reason of her disability. Her amended complaint, however, contains only a vague reference to unspecified "VA backed" programs and does not identify any particular federal program, regulation, or funding stream that applies to her loan or to Nationstar's servicing activities. [Doc. 24, ¶¶ 64–67]. Absent factual allegations tying her circumstances to a specific VA-backed or other federally funded program, her pleading fails to satisfy this threshold element of a § 794 claim. Finally, this count also fails to allege that Nationstar denied her request specifically because of her disability.

Without sufficient factual allegations, and in the absence of any facts establishing actual discrimination based on her disability, Plaintiff has not stated a cognizable claim under 29 U.S.C. § 794, and that claim should be dismissed with prejudice.

## II. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR BREACH OF CONTRACT AND FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

Plaintiff's allegations that "the mortgage requires good-faith administration of insurance proceeds" and that Nationstar "withheld documentation and restricted

funds" do not state a cognizable breach of contract (or implied covenant) claim under Alabama law. [Doc. 24 ¶¶ 61-63].

To plead a breach of contract, Plaintiff must allege "(1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002). While the existence of a mortgage is not in dispute, the amended complaint does not identify any specific provision that Nationstar allegedly breached with respect to "inspection documentation" or the timing/restriction of insurance disbursements, nor does it plausibly allege that Plaintiff fully performed her own obligations or suffered concrete damages attributable to a contractual breach. Instead, Plaintiff relies at most on an abstract "good faith" obligation, which is insufficient as a matter of law to state an independent claim or to establish nonperformance of a specific contractual duty.

Additionally, the allegations cannot be repackaged as a free-standing claim for breach of the implied covenant of good faith and fair dealing. In Alabama, a breach of the implied covenant of good faith and fair dealing is not its own cause of action. In *Labrode*, Alabama's Supreme Court held:

> Alabama law does not recognize an independent claim for a breach of [the implied covenant of good faith and fair dealing]. Although Alabama law recognizes an " ' "implied covenant of good faith and fair dealing," ' " meaning that " ' "neither party shall do anything which will have the effect of destroying or injuring the rights of the other party to receive the fruits of the contract," ' " *Lloyd Noland Found., Inc. v.*

> *City of Fairfield Healthcare Auth.*, 837 So. 2d 253, 267 (Ala. 2002) (quoting *Sellers v. Head*, 73 So. 2d 747, 751 (1954)), our Court has made clear that this duty is not itself actionable. Specifically, we have explained that "a duty of good faith in connection with a contract is directive, not remedial, and that therefore an action will not lie for breach of such a duty." *Tanner v. Church's Fried Chicken, Inc.*, 582 So. 2d 449, 452 (Ala. 1991) (citing *Government St. Lumber Co. v. AmSouth Bank*, 553 So. 2d 68 (Ala. 1989)).

*Laborde v. Citizens Bank, N.A.*, No. SC-2025-0014, 2025 WL 3684583, at *4 (Ala. Dec. 19, 2025) (alteration in original). Accordingly, any breach of contract or breach of the implied covenant theory fails.

## III. PLAINTIFF'S DECLARATORY JUDGMENT COUNT FAILS TO STATE A CAUSE OF ACTION.

Plaintiff's declaratory judgment claim fails because it is vague and conclusory (*See* Section V. *infra*) and, in any event, is moot in light of the transfer of servicing to PHH effective October 20, 2025. [Doc. 20, ¶ 44].

"Consistent with the 'cases' and 'controversies' requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an 'actual controversy.'" *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999). "It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green,* 159 U.S.

651, 653 (1895)). "A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief." *Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998). *See Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1346 (11th Cir. 1999) ("In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.").

Aside from the pleading deficiencies, Plaintiff's specific requests for declaratory relief do not present a live "case or controversy" and instead seek advisory opinions on abstract legal duties and past conduct, which is improper under Article III and the Declaratory Judgment Act. She asks the Court to "clarify" (1) Nationstar's duty to evaluate FHA accommodations in good faith; (2) Nationstar's duty to provide inspection documentation; (3) the parties' rights regarding stage insurance disbursement; and (4) the legal effect of escalating default proceedings immediately following protected activity. [Doc. 24, ¶ 70]. Each of these requests, as pled, is framed at a high level of generality and is directed at past servicing conduct by Nationstar, which no longer services the loan. They do not identify any concrete, ongoing dispute that a declaration would resolve, nor do they allege facts showing a

"substantial likelihood" of future injury traceable to Nationstar's actions, as *Malowney* requires for declaratory or injunctive relief. *Malowney*, 193 F.3d at 1346.

Moreover, because servicing transferred to PHH effective October 20, 2025, any controversy over Nationstar's future handling of FHA accommodation requests, inspection materials, insurance disbursements, or default proceedings is moot because events subsequent to the commencement of this lawsuit have created a situation in which the Court can no longer provide relief against Nationstar on these issues. What Plaintiff seeks are generalized pronouncements about Nationstar's legal obligations and the "legal effect" of its prior conduct—exactly the type of abstract rulings that federal courts lack authority to issue. For these reasons, Plaintiff's declaratory judgment claim fails under Article III and the Declaratory Judgment Act and should be dismissed with prejudice.

## IV. PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF FAILS AS A MATTER OF LAW.

Count five is impermissible because it seeks injunctive relief, which is a remedy and not a cognizable standalone cause of action. [Doc. 24, ¶¶ 71-77]. In *Burt*, this Court (southern division) held:

> injunctions and assertions of entitlement to equitable relief are not affirmative causes of action, but rather are merely remedies. "[A]n independent claim for injunctive relief fails as a matter of law because injunctions are not causes of action but, rather, are remedies tied to some other cause of action.' " *Liberty Nat'l Life Ins. Co. v. Gann*, 2025 WL 912447, at *7 (S.D. Ala. Feb. 14, 2025), *report and recommendation adopted*, 2025 WL 913457 (S.D. Ala. Mar. 25, 2025)

> (citing *Kornegay v. Beretta USA Corp.*, 614 F. Supp. 3d 1029, 1037 (N.D. Ala. 2022)); *Sirmon v. Wyndham Vacation Resorts, Inc.*, 2012 WL 13020303, at *5 (N.D. Ala. Apr. 17, 2012) ("Injunctive relief is just that ... a form of relief, not a basis on which to grant it."). "So, any claim for injunctive relief here is merely a remedy dependent upon [proof of another substantive claim]." *Gann*, 2025 WL 912447, at *7 (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) ("[A]ny motion or suit for a traditional injunction must be predicated upon a cause of action [ ] regarding which a plaintiff must show a likelihood or actuality of success on the merits. There is no such thing as a suit for a traditional injunction in the abstract.")).

*Burt v. Volkswagen Group of Am., Inc.*, 790 F. Supp. 3d 1309, 1321 (N.D. Ala. 2025). Therefore, Plaintiff's claim for injunctive relief fails as a matter of law and should be dismissed with prejudice.

## V. PLAINTIFF'S AMENDED COMPLAINT IS A SHOTGUN PLEADING.

Plaintiff's amended complaint is an impermissible shotgun pleading. "A shotgun pleading is any pleading which 'fail[s] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). In *Weiland*, the 11th Circuit held:

> [W]e have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of

> shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Id.* at 1321–23 (footnotes omitted). "A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks omitted) (quoting *Weiland*, 792 F.3d at 1320). "[D]istrict courts faced with a shotgun pleading should—pursuant to their inherent authority—*immediately* order a repleader and instruct the party to plead its case in accordance with Federal Rules of Civil Procedure 8(a)(2) and 10(b)." *Barmapov v. Amuial*, 986 F.3d 1321, 1329 (11th Cir. 2021) (Tjoflat, G., concurring) (emphasis added). It is undisputed that, for the sake of fairness and due process, the Federal Rules of Civil Procedure, along with judicial interpretations of the rules, require clear and conspicuous pleadings. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

Here, each count consists of only a handful of paragraphs that recite bare legal conclusions, reference statutes in the abstract, and contain virtually no application

of specific facts to the elements of the asserted causes of action. The counts do not identify which factual allegations support which claim, and they do not explain how the alleged conduct of Nationstar satisfies the required elements. This places the amended complaint squarely within *Weiland's* category of pleadings that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, at 1322. As a result, Nationstar is left to guess which factual allegations correspond to which legal theories, depriving it of fair notice of the grounds on which each claim rests. Under *Weiland*, such a complaint is properly deemed a shotgun pleading. Accordingly, the amended complaint should be dismissed on shotgun pleading grounds, or at a minimum, Plaintiff should be required to replead in compliance with Rules 8(a)(2) and 10(b).

WHEREFORE, Nationstar respectfully requests that this honorable Court dismiss Plaintiff's amended complaint with prejudice and for such other and further relief as the court deems necessary.

Date: March 25, 2026.

Respectfully submitted,

**TROUTMAN PEPPER LOCKE LLP**

By: /s/ *Roy Wallace Harrell, III*
Roy Wallace Harrell, III, Esq.

Alabama Bar No. 3211O61H
Primary Email: roy.harrell@troutman.com
Secondary Email:
christina.hill@troutman.com
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308-2216
Telephone: 404-885-3900

**ATTORNEY FOR DEFENDANT NATIONSTAR**

**CERTIFICATE OF SERVICE**

I do hereby certify on March 25, 2026, that I have served a true and correct copy of the foregoing upon Carolynn Elizabeth Wood, 491 White Plains Rd., Anniston, AL 36207, carolynn.e.c.wood@gmail.com, (*pro se Plaintiff)* via U.S. Mail.

/s/ *Roy Wallace Harrell, III*
Roy Wallace Harrell, III