FILED
2026 Mar-31 AM 09:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

FILED
2026 MAR 30 P 12: 13
U.S. DISTRICT COURT
N.D. OF ALABAMA

**CAROLYNN ELIZABETH WOOD,**
Plaintiff,

**v.** **Case No. 1:25-cv-1800-CLM**

**NATIONSTAR MORTGAGE LLC,**
*d/b/a Mr. Cooper, et al.,*
Defendant.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO NATIONSTAR'S MOTION TO DISMISS

Plaintiff, Carolynn Elizabeth Wood, respectfully submits this Response in Opposition to Defendant Nationstar's Motion to Dismiss pursuant to Rule 12(b)(6).

Nationstar's Motion rests on an improperly narrow reading of the Fair Housing Act, mischaracterizes Plaintiff's allegations, and seeks resolution of factual issues inappropriate at the pleading stage. When the Amended Complaint is read under the proper Rule 12(b)(6) standard, Plaintiff has plausibly stated claims for relief.

## PRELIMINARY STATEMENT OF FACTS

This case arises from a series of events beginning when Plaintiff was financially recovering from a Covid pandemic forbearance and had asked the Defendant to resume accepting her monthly mortgage payments as a Reasonable Accommodation under the Fair Housing Act. Second, the situation was exacerbated after a fire at

Plaintiff's home resulted in the loss of a structural component of the property and significantly altered drainage patterns, but funds to rebuild were held by Defendants. As a result, Plaintiff's home experienced prolonged water intrusion beneath the living areas, including the bedrooms, leading to elevated humidity levels and mold contamination.

Plaintiff, who suffers from documented disabilities including PTSD and major depressive disorder, experienced worsening health conditions as a result of these environmental conditions.

Despite these circumstances, Plaintiff made good-faith efforts to remain current on her mortgage obligations, including attempting to resume payments and offering additional monthly amounts following a period of forbearance.

Before the fire, Plaintiff attempted to make her monthly mortgage payments, which Nationstar refused to accept. She then requested that Nationstar accept her payments as a reasonable accommodation under the Fair Housing Act due to disability so that she could enjoy her home. Plaintiff even offered full monthly payments, plus an additional $900 partial payment in order to maintain housing stability. This back and forth went on for over a year.

After the fire, Plaintiff continued addressing the requests to be able to pay her monthly payments on top of handling ongoing property damage and health impacts.

Nationstar continued to refuse Plaintiff's requests and instead required full reinstatement, while continuing actions that escalated the risk of default and loss of the home.

Additionally, Plaintiff alleges that Nationstar's handling of insurance proceeds following the fire—including delays, restrictions, and lack of transparency—further contributed to the worsening condition of the property and impeded necessary repairs.

At this stage, Plaintiff's allegations must be accepted as true.

## I. STANDARD OF REVIEW

At the motion to dismiss stage, the Court must accept all well-pleaded facts as true and construe them in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need only state a plausible claim for relief and is not required to anticipate or refute defenses.

## II. THE FAIR HOUSING ACT IS NOT LIMITED TO INITIAL SALE OR RENTAL TRANSACTIONS

Nationstar's central argument—that 42 U.S.C. § 3604 applies only to the sale or rental of housing—is legally incomplete.

The Fair Housing Act prohibits conduct that "otherwise make[s] unavailable or den[ies] a dwelling," and includes interference with the continued ability to remain in one's home. Plaintiff also asserts a claim under 42 U.S.C. § 3617, which Nationstar does not meaningfully address.

Additionally, the FHA expressly governs residential real estate-related transactions, including mortgage lending and servicing, under 42 U.S.C. § 3605.

Courts recognize that post-acquisition conduct may fall within the FHA where it interferes with housing rights. See Bloch v. Frischholz, 587 F.3d 771, 781–82 (7th Cir. 2009).

## III. PLAINTIFF HAS PLAUSIBLY ALLEGED A FAILURE TO ACCOMMODATE

### A. Elements of the Claim

To state a claim under the FHA for failure to accommodate, a plaintiff must allege:

1. She is disabled;
2. Nationstar knew of the disability;
3. She requested a reasonable accommodation;
4. Nationstar refused the accommodation.

The Fair Housing Amendments Act of 1988 amended the Fair Housing Act ("FHA") to bar housing discrimination based on disability.[1]

In relevant part, section 3604(f) makes it unlawful:

> (1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of . . . that buyer or renter . . . [or] any person associated with that buyer or renter.
>
> (2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person . . . [or] any person associated with that person.

42 U.S.C. § 3604(f)(1)-(2).[2]

Under section 3604(f), "discrimination includes," among other things,

> a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]

Id. § 3604(f)(3)(B). See Hunt v. Aimco Properties, L.P., 814 F.3d 1213, 1225 (11th Cir. 2016).

---

[1] See Pub. L. No. 100-430, 102 Stat. 1619 (1988) (codified at 42 U.S.C. § 3604(f)).

[2] "The FHA refers to discrimination based on "handicap" rather than disability. 42 U.S.C. § 3604(f). The Eleventh Circuit uses "disability". Bhogaita v. Altamonte Heights Condo. Ass'n, Inc., 765 F.3d 1277, 1285 n.2 (11th Cir. 2014)

**B. Plaintiff's Allegations Satisfy Each Element**

Plaintiff has already alleged facts supporting each element:

- Disability: Plaintiff alleges PTSD and major depressive disorder.
- Knowledge: Plaintiff alleges Nationstar was informed of her disability in connection with her accommodation request.
- Request: Plaintiff alleges she requested acceptance of her full monthly payments plus an additional partial payment as an accommodation.
- Refusal: Plaintiff alleges Nationstar denied the request and required full lump-sum reinstatement.

These allegations, taken as true, state a plausible claim.

**C. Reasonableness Cannot Be Resolved at This Stage**

Nationstar argues that the requested accommodation is unreasonable because it conflicts with the mortgage. Whether an accommodation is reasonable depends on a fact-specific inquiry, including whether it imposes an undue financial or administrative burden or requires a fundamental alteration of the defendant's operations. These considerations cannot be resolved on a motion to dismiss.

These considerations—including financial resources, cost, and available alternatives—require factual development. The benefits to the requester of the accommodation, and the availability of other, less expensive alternative accommodations that would effectively meet the applicant or resident's disability-

related needs must be considered in determining whether a requested accommodation poses an undue financial and administrative burden.

A contractual provision does not automatically defeat an accommodation claim. See Giebeler v. M&B Associates, 343 F.3d 1143, 1157 (9th Cir. 2003).

So, that argument raises a factual issue not appropriate for resolution on a motion to dismiss.

## IV. PLAINTIFF HAS PLAUSIBLY ALLEGED INTERFERENCE UNDER 42 U.S.C. § 3617

### A. Elements of an Interference Claim

A claim under § 3617 requires:

1. Plaintiff exercised or attempted to exercise FHA-protected rights;
2. Nationstar knew of those rights;
3. Nationstar interfered with those rights;
4. Plaintiff suffered harm.

### B. Plaintiff's Allegations Satisfy These Elements

Plaintiff alleges:

- she asserted rights under the FHA through an accommodation request;
- Nationstar was aware of those rights;

- Nationstar refused to accommodate and escalated default-related conduct;
- these actions interfered with her ability to remain in her home.

Such conduct plausibly constitutes interference under the FHA. See Bloch v. Frischholz, 587 F.3d at 781.

## V. NATIONSTAR'S CONTRACT ARGUMENTS DO NOT WARRANT DISMISSAL

Nationstar relies on contractual language permitting rejection of partial payments, arguing that acceptance would be unreasonable. However, whether monthly payments plus an additional $900 per month was an unreasonable accommodation request involves factual determinations not suitable at this stage.

## VI. PLAINTIFF'S RESPA-RELATED ALLEGATIONS FURTHER SUPPORT PLAUSIBLE CLAIMS

Plaintiff's allegations regarding repeated written requests for servicing information, including requests for inspection reports, accounting of insurance proceeds, and loan status, further support violations of mortgage servicing obligations under federal law, including the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605.

These allegations are consistent with Plaintiff's First Amended Complaint, which alleges repeated written requests relating to servicing and failures to provide complete and accurate responses.

Plaintiff alleges that Nationstar received multiple written requests relating to servicing of her loan, including requests from Plaintiff and her contractor regarding inspection requirements and documentation necessary to proceed with the garage rebuild. Nationstar failed to provide complete, timely, or transparent responses. These requests included inquiries regarding the handling of insurance proceeds, inspection results, and account balances.

Such conduct falls within the scope of RESPA's requirements that servicers respond to borrower inquiries and provide accurate and timely information regarding loan servicing.

Whether Nationstar's responses were adequate, and whether Plaintiff's written requests constituted Qualified Written Requests under RESPA, are fact-intensive determinations not appropriate for resolution at the motion to dismiss stage.

To the extent Nationstar seeks dismissal of all claims, Plaintiff's allegations regarding servicing failures remain relevant to Plaintiff's claims and further support her allegations of improper servicing conduct.

## VII. REHABILITATION ACT CLAIM SHOULD NOT BE DISMISSED WITH PREJUDICE

Plaintiff has alleged that the loan is VA-backed and implicates federally connected housing programs. Whether Nationstar's conduct falls within the Rehabilitation Act

is a fact-dependent issue not suitable for this stage, especially dismissal with prejudice as requested by the Defendant.

## VIII. DECLARATORY AND INJUNCTIVE RELIEF REMAIN VIABLE

Plaintiff's claims arise from Nationstar's conduct and its ongoing consequences. Because this case continues to present a live controversy for which the Court can grant meaningful relief, it is not moot. See Friends of the Everglades v. South Florida Water Management District, 570 F.3d 1210, 1216 (11th Cir. 2009).

## IX. THE AMENDED COMPLAINT IS NOT A SHOTGUN PLEADING

Nationstar's characterization of the Amended Complaint as a "shotgun pleading" is misplaced.

As demonstrated above, Plaintiff's claims can be clearly understood and correspond to identifiable legal elements supported by factual allegations. The Complaint provides Nationstar with fair notice of both the claims and the grounds upon which they rest.

The Eleventh Circuit defines shotgun pleadings as those that fail to provide adequate notice. See Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015). That is not the case here.

Moreover, even where clarification is warranted, and as Nationstar's own authorities recognize, the proper remedy is repleading—not dismissal with prejudice. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).

## X. CONCLUSION

Plaintiff has plausibly alleged claims under the Fair Housing Act and related theories. Nationstar's Motion relies on premature factual determinations and incomplete legal interpretations.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1. Deny Nationstar's Motion to Dismiss; or

2. In the alternative, grant leave to amend pursuant to Rule 15(a).

This is the 30th day of March, 2026

Respectfully submitted,

**Carolynn E. Wood**
Plaintiff, Pro Se
491 White Plains Road
Anniston, AL 36207
(928)925-8031
carolynn.e.c.wood@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2026, I served a true and correct copy of the foregoing Plaintiff's Response in Opposition to Nationstar's Motion to Dismiss upon the following by depositing same in the United States Mail, postage prepaid to:

Roy Wallace Harrell, III, Esq.
Troutman Pepper Locke LLP
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308-2216
Attorney for Defendant Nationstar Mortgage LLC

Carolynn E Wood

Carolynn Elizabeth Wood, Plaintiff, Pro Se
491 White Plains Road
Anniston, AL 36207
(928)925-8031
carolynn.e.c.wood@gmail.com